**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**George Gardner PERWO, Petitioner-**
**Appellant.**

**No. 29339.**

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1970.

Sylvia Roberts, Baton Rouge, La., for petitioner-appellant.

Gerald J. Gallinghouse, U. S. Atty., Richard Olsen, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before TUTTLE, BELL, and GOLD-BERG, Circuit Judges.

BELL, Circuit Judge:

This appeal is from a judgment denying the relief sought under a petition filed pursuant to 28 U.S.C.A. § 2255. The claim for relief was premised on our holding in Tucker v. United States, 5 Cir., 1969, 409 F.2d 1291, 1295, that appellant was not informed before entering his plea of guilty of the maximum possible penalty that might be imposed for the offense with which he was charged. We reverse and remand for further proceedings.

Appellant was indicted in the Louisiana state court system for armed robbery and attempted murder. He pleaded guilty in 1962 to these charges and received a 30 year and a 20 year sentence to be served consecutively. On April 6, 1962, within 10 days after his state court plea, he entered a plea of guilty in the federal court to the charge of violating 18 U.S.C.A. § 2113(a) (d), bank robbery with the life of a person being put in jeopardy by the use of a dangerous weapon. It appeared that he engaged in a shoot out with officers during the robbery. He was sentenced to a federal prison term of 25 years on his plea.

At the time appellant entered his federal plea, he waived counsel and stated, "I understand that charge. I am guilty." His only request was that the

sentence be made concurrent with the 50 year sentence which had been imposed by the state. The federal court granted this request. The rub is that neither the court nor the United States Attorney, at the sentencing proceeding, advised appellant as to the outer limits of the sentence which he could receive.

The district court placed the burden upon the government to show why the relief sought in the § 2255 petition should not be granted. The government responded by the use of one witness, appellant, to make out its case. Appellant testified that he was not informed as to the sentence which might be imposed on the charges in question. He went further and stated that neither the United States Attorney nor any representative of the United States Attorney conferred with him relative to the bank robbery charges. He further stated that he had not been informed as to the maximum penalty for bank robbery by anyone else. His position was that he was in such frame of mind at the time of entering his plea as not to be concerned with the possible maximum sentence.

The only facts which belie appellant's position have to do with his previous experience with law enforcement authorities. He had received previous sentences in New Jersey for armed robbery, 3 to 5 years on one occasion and 7 to 10 years on another. In addition, he had just been sentenced to 50 years in the state court at the time his plea was entered in the federal court. The arraignment proceedings give some indication that appellant had conversations with state and federal officers regarding the charges and both the state and federal pleas. These officers were not offered by the government as witnesses.

The court ruled against appellant on a two-pronged theory. First, the court refused to credit the testimony of appellant that he did not know of the maximum sentence. Second, based on the fact of the state plea, the court concluded that appellant was well aware of the gravity of the offense and knew substantially what the possible penalty might be. To buttress this approach, the court concluded from the fact of the New Jersey sentences which were for lesser offenses than bank robbery offense, that appellant knew substantially what the possible federal sentence might be.

The difficulty with the reasoning of the district court is that it misconceived the holding of this court in *Tucker*, supra. There it was held that a guilty plea is invalid as not being understandingly entered if the defendant did not know the maximum possible penalty for the offense. The sentence there involved, as here, was one imposed prior to the amendment to Rule 11, F.R.Crim.P. We take this to mean the precise limits instead of substantially what the outer limits were.[1] The court went on to hold in *Tucker*, however, that knowledge from any source as to the outer limits would suffice.

"The question, however, is not whether he learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether it was from the judge, his lawyer, his bondsman, or from some other source." 409 F.2d at 1295.

The judgment of the district court will be vacated and the case remanded to that court for a hearing at the option of the government for the purpose of

---

1. This situation is to be distinguished from those cases involving a district court giving incorrect information as to the outer limits of sentence and then imposing a lesser sentence. See Eakes v. United States, 5 Cir., 1968, 391 F.2d 287; and Murray v. United States, 10 Cir., 1969, 419 F.2d 1076, denying relief in such circumstances, and contra: Stephen v. United States, 5 Cir., 1970, 426 F.2d 257; and Grant v. United States, 5 Cir., 1970, 424 F.2d 273. It is also to be distinguished from our cases holding that a defendant is not entitled to be informed as his ineligibility for parole upon conviction. See Sanchez v. United States, 5 Cir., 1969, 417 F.2d 494; and Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266. Cf. Spradley v. United States, 5 Cir., 1970, 421 F.2d 1043.

adducing additional evidence on the subject of appellant's knowledge as to the outer limits of the sentence. If the government chooses not to offer additional evidence or if the trial court concludes that the evidence is not sufficient to satisfy the *Tucker* standard, then the conviction entered on the plea of guilty must be set aside and appellant granted a new trial. If the additional evidence is such as to demonstrate that appellant had knowledge of the outer limits of the sentence, the relief will be denied.

Reversed and remanded with direction.