**UNITED STATES ex rel. Roosevelt HILL, Petitioner-Appellant,**

**v.**

**UNITED STATES of America et al., Respondents-Appellees.**

**No. 71–2372**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1971.

---

Roosevelt Hill, pro se.

Gerald J. Gallinghouse, U. S. Atty., Harry R. Hull, Jr., Asst. U. S. Atty., New Orleans, La., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The district court denied Roosevelt Hill's motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. We affirm in part, and in part vacate and remand.

Appellant, represented by court-appointed counsel, was convicted on his plea of guilty to state charges of aggravated kidnapping and armed robbery arising out of the robbery of the Baker Bank and Trust Company. He was sentenced on September 28, 1962, to consecutive terms of life and 30 years imprisonment, respectively. One week later appellant, waiving counsel, pled guilty to federal charges of violating 18 U.S.C. § 2113(a) and (d), arising out of the same robbery. He was sentenced on October 5, 1962, to 20 years imprisonment.

In his motion to vacate sentence appellant alleged that his guilty plea was made without an understanding of the consequences of his plea. He contended that an F.B.I. agent had represented that the maximum sentence possible was five years; that the trial court did not advise him of the maximum sentence possible prior to pleading; and that his attempt to object to the sentence assessed was ignored. The district court found from the transcript of appellant's arraignment and sentencing that the maximum penalty was explained to him prior to the imposition of sentence. The court held this was sufficient notice to appellant of the consequences of his plea.

The holding of the district court is contrary to this Court's holding in Tucker v. United States, 5th Cir. 1969, 409 F.2d 1291, where the record failed to show that a defendant was informed as to the maximum possible sentences he was facing *"before* he entered his pleas of guilty". (Emphasis ours) It is firmly established that a guilty plea is invalid as not being understandingly entered if the defendant does not know the maximum penalty possible for the offense. Marvel v. United States, 1965, 380 U.S. 262, 85 S.Ct. 953, 13 L. Ed.2d 960; Tucker v. United States, supra; United States v. Perwo, 5th Cir. 1970, 433 F.2d 1301. In the present case the arraignment and sentencing occurred at the same proceedings. The record fails to show that appellant was advised of the maximum sentence until after his guilty plea was entered, and then only immediately before sentence was passed. Therefore, the case must be remanded to the district court to determine by way of an evidentiary hearing whether Hill had learned of the maximum possible penalties from some other source prior to entering his plea. If the district court finds that he did not, his conviction will be set aside and a new trial granted. Tucker v. United States, supra. As a second ground for relief, appellant alleged that he had been subjected to double jeopardy by being tried in federal court for the same offense for which he had been convicted in state court. There is no merit to this contention. Abbate v. United States, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L. Ed.2d 729; Bartkus v. Illinois, 1959, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684; United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314. The judgment below is affirmed in part and vacated in part and remanded.

Affirmed in part; vacated in part and remanded.