Sidney V. **FORTIA**, Petitioner-Appellant,

v.

**UNITED STATES of America** **Respondent-Appellee.**

No. 71–2796

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1972.

\* [1]  Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Sidney V. Fortia, pro se.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Mary Williams Cazalas, Stephen L. Dunne, Asst. U. S. Attys., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court denying Fortia's motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. We vacate and remand.

Fortia, acting pro se, was convicted on his pleas of guilty on October 9, 1963 to three counts of mail theft, violations of 18 U.S.C.A. § 1708; and to three counts of forging and uttering United States Treasury checks, violations of 18 U.S.C. A. § 495. He was sentenced to six consecutive terms totalling eight years. In his § 2255 motion Fortia alleged that his guilty pleas were not knowingly and understandingly made because he was not advised of the consequences of his pleas.

The district court held that the files and records of the case conclusively show that Fortia is entitled to no relief. We disagree.

The record reveals that Fortia, in response to the court's questions, stated that he understood the charges against him. However, there is no showing that Fortia was informed of the maximum possible sentences that could be imposed. A guilty plea is invalid as not being understandingly entered if a defendant does not know the maximum penalty possible for the offense. United States ex rel. Hill v. United States, 5 Cir. 1971, 452 F.2d 664 United States v. Perwo, 5 Cir. 1970, 433 F.2d 1301; Tucker v. United States, 5 Cir. 1969, 409 F.2d 1291. The case

must be remanded to the district court to determine by whatever means appropriate whether Fortia had learned of the maximum penalties possible from some source prior to entering his plea. If the district court finds that he did not, his convictions will be set aside and a new trial granted. Hill v. United States, *supra*; United States v. Perwo, *supra*; Tucker v. United States, *supra*.

Vacated and remanded.