**UNITED STATES of America**

v.

**Jack G. EDWARDS et al.**

**No. 73–63–CR–T–H.**

United States District Court,
M. D. Florida,
Tampa Division.

Aug. 14, 1974.

**618**

William M. James, Jr., D. Frank Winkles, Asst. U.S. Attys., Tampa, Fla., for plaintiff.

Morton Berger, White Plains, N.Y., for Dondich.

Robert A. Harper, Jr., Gainesville, Fla., for McConnell.

## ORDER

HODGES, District Judge.

On April 16, 1974, in the seventh week of trial in this multi-defendant case, the jury returned its verdicts. Defendants Dondich and McConnell, among others, were found guilty of the conspiracy offense alleged in Count One of the indictment, that being the only count in which those Defendants were charged. After the verdicts had been received the Government orally announced in open Court, for the first time, that it wished to proceed against Dondich and McConnell, as "dangerous special offenders" subject to enhanced punishment pursuant to 18 U. S.C.A. § 3575, and it then produced for filing a written motion invoking that provision.

In due course, according to the requirements of § 3575, the Court conducted an evidentiary hearing on June 3 and 4, 1974. Ruling was reserved on the principal motion of the Government and upon various motions in response filed by the Defendants.

One of the threshold procedural issues is whether the Government's motion was timely filed. On June 10, 1974, while this issue was under consideration, the Court of Appeals rendered its opinion in United States v. Noland, 495 F.2d 529 (5th Cir. 1974), construing the analogous provisions of 21 U.S.C.A. § 851. Because of the possible application of that decision to the issue of timeliness here, the Court requested additional briefs from the parties.

Section 3575 is a relatively new addition to the Federal Criminal Code. It was enacted in 1970 as a part of the Organized Crime Control Act (Pub.L. 91—452, Title X, § 1001(a), Oct. 15, 1970, 84 Stat. 948). There are, as yet, no reported decisions in which the provision has been construed. Indeed, according to Government counsel, this may be the first case in which the Government has sought to have it applied.

With respect to the timeliness of the pending motion, the pertinent portion of the statute is subsection (a):

"§ 3575. Increased sentence for dangerous special offenders

(a) Whenever an attorney charged with the prosecution of a defendant in a court of the United States for an alleged felony committed when the defendant was over the age of twenty-one years has reason to believe that the defendant is a dangerous special offender such attorney, *a reasonable time before trial or acceptance by the court of a plea of guilty or nolo contendere,* may sign and file with the court, and may amend, a notice (1) specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of a sentence under subsection (b) of this section, and (2) setting out with particularity the reasons why such attorney believes the defendant to be a dangerous special offender.

In no case shall the fact that the defendant is alleged to be a dangerous special offender be an issue upon the trial of such felony, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendere or verdict or finding of guilty to the presiding judge without the consent of the parties. If the court finds that the filing of the notice as a public record may prejudice fair consideration of a pending criminal matter, it may order the notice sealed and the notice shall not be subject to subpena or public inspection during the pendency of such criminal matter, except on order of the court, but shall be subject to inspection by the defendant alleged to be a dangerous special offender and his counsel." (emphasis supplied)

As previously stated, the Government's motion or notice under the statute was not filed in this instance until after the trial had been completed by the reception and filing of the jury's verdicts. In defending the procedural sufficiency of that approach the Government principally urges two related arguments. First, it is emphasized that the statute says the Government "may" file and "may" amend its notice. From this the Government would infer a congressional intent to vest discretion in the United States Attorney as to whether and when such notice is to be filed. Secondly, it is asserted that the Defendants and their counsel were advised in this case some six weeks before trial that the Government intended to file the requisite notice and the Defendants were asked to consent, but they refused.[1] Such consent was necessary, according to the Government, because of the statute's proscription against pre-trial disclosure of the notice to the presiding judge "without the consent of the parties." Thus, the Government concludes, it was frustrated in its desire to file before trial because the filing would have come to the attention of the trial judge,

contrary to the statute; and, under those circumstances, that it properly exercised its discretion in withholding the notice until Defendants had been convicted.

It can be said in justification of the Government's position that a cursory reading of the statute does give rise to an apparent inconsistency to the extent that it requires, on one hand, that the notice be filed before trial, while also requiring, on the other hand, that the notice not be disclosed to the presiding judge. The key to this statutory scheme, however, is the distinction to be drawn between "the Court" and "the presiding judge." The first sentence of subsection (a) requires filing "with the court." The second sentence precludes disclosure "to the presiding judge." The third sentence again refers to the right of "the court" to order the notice sealed. The significance of this terminology becomes even clearer when one reads the pertinent legislative history.

"In order to assure that the filing of the notice will not prejudice the jury or the court against the defendant before the determination of his guilt or innocence, the allegation shall not be disclosed to the jury, and without the consent of the parties shall not be communicated to *the presiding judge* before any plea of nolo contendere or verdict or finding of guilty. If *a* judge of the court in which the notice is filed finds that the filing of the notice as a public record may prejudice fair consideration of the pending criminal case, it may order the notice sealed against public inspection or production upon subpoena during the pendency of the proceeding. However, the notice will be subject to inspection by the defendant and his counsel." (emphasis supplied)

House Report (Judiciary Committee) No. 91–1549, Sept. 30, 1970, U.S.Code Cong., & Admin.News, 91st Cong., 2d Sess., p. 4007 at 4037.

---

1. The Court will assume, for purposes of this Order, that these factual representations are correct, but no evidentiary hearing has been conducted on this point.

■ Properly construed, therefore, it is plain that the statute contemplates filing with the Court or, more precisely, a judge of the Court other than the judge presiding in the affected Defendants' case. In no respect is the Defendants' consent a necessary precondition to such filing. Rather, his consent is required only if the notice is to be disclosed to the presiding judge before a finding of guilty, whether by plea or by verdict. It follows that the Government can find no comfort in 'the Defendants' refusal to consent to a pre-trial filing of the motion or notice in this case.

The question still remains, however, as to whether the Government had discretion, not only with regard to the initial prosecutorial decision that such notice should be filed, but also to select the appropriate time or stage of the proceedings in which to act. The manifest intent of the statute, through use of the permissive phrase "may file," is to authorize the United States Attorney to seek enhancement of punishment in those cases in which "he has reason to believe that the defendant is a dangerous special offender." To file or not to file the requisite notice is exclusively within the province of the prosecutor. But if he decides to invoke the statute, he must do so by filing the notice "a reasonable time before trial or acceptance by the court of a plea of guilty or nolo contendere." In this he has no discretion. To accept the Government's contrary suggestion would be to hold that the notice may be filed at any time, and that the provision of the statute just quoted is superfluous or without any meaning at all.

The recent decision of this Circuit in United States v. Noland, supra, is supportive if not compelling authority for this result. The Court of Appeals was there concerned with an identical issue —timeliness of filing—arising under the enhanced punishment provision of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. A. § 851.[2] To be sure, the crucial wording of that statute differs from Section 3575; and, in addition, Section 851 was found to contain certain other features which clearly manifested the intent of Congress that the "information" alleging prior convictions be filed prior to trial or entry of a plea of guilty. One of these features, not present in Section 3575, was the provision for postponement of the trial or plea if necessary to allow time for obtaining such facts. Nevertheless, the ultimate holding of the Court is equally applicable here.

"The Government's argument that Noland was not surprised by the enhanced sentence carries no weight in the face of the plain words of the statute. Admittedly, Noland was advised at arraignment that he could receive ten years on each count. Further, he knew of his previous conviction from the outset, never challenged its validity in this case, and admitted it at the sentencing hearing. Finally, the District Court received pretrial notice of Noland's record at a bail hearing. But the statute prohibits an enhanced sentence unless the Government seeks it and requires that to obtain enhancement, the Government must file an information prior to trial. Provision for enhanced sentencing is a legislative decision, and the procedure the legislature prescribes to effectuate its purpose must be followed." 495 F.2d at 533.

2. "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of a plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

█ The short of it is that Section 3575 must be strictly construed and strictly adhered to by the Government; and, as previously determined, the statute will accommodate no interpretation other than one which requires filing before trial or a plea of guilty or nolo contendere. The Congressional purpose in imposing that limitation as to time of filing is a matter of academic interest only since, as the Court said in *Noland*, the provision for enhanced sentencing is a legislative decision and there is no compulsion upon the Congress to explain its reasons for adopting one procedure as opposed to other choices it might have made. Even so, in this instance, the obvious reason for pre-trial or pre-plea filing is grounded in the independent right of every defendant to make an informed plea.

"To begin at the beginning, a plea of guilty is invalid unless voluntarily and knowingly entered. Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. A "knowing" guilty plea means, among other things, that the Defendant understands the consequences of the plea. Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266, 268; Meaton v. United States, 5 Cir., 1964, 328 F.2d 379, cert. denied, 1965, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801. Obviously the maximum possible penalty for the offense is one of the most important consequences of a plea of guilty. Hill v. United States, 5 Cir., 1971, 452 F.2d 664; United States v. Perwo, 5 Cir., 1970, 433 F.2d 1301; Marvel v. United States, 1965, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960, affirming 5 Cir., 335 F.2d 101; Tucker v. United States, 5 Cir., 1969, 409 F.2d 1291. That a plea has been made with full understanding of the consequences must appear affirmatively from the record. McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. Therefore, failure to inform the Defendant of the maximum sentence that may be imposed as a result of his plea vitiates its efficacy. *Hill, supra; Tucker, supra*; Fortia v. United States, 5 Cir., 1972, 456 F.2d 194; Berry v. United States, 3 Cir., 1969, 412 F.2d 189; Durant v. United States, 1 Cir., 1969, 410 F.2d 689; Combs v. United States, 9 Cir., 1968, 391 F.2d 1017; Pilkington v. United States, 4 Cir., 1964, 315 F.2d 204; Marshall v. United States, 7 Cir., 1970, 431 F.2d 355." United States v. Blair, 470 F.2d 331, 339–340 (5th Cir. 1972). (Footnotes omitted)

These principles, of course, have to do with the entry of pleas of guilty, and have limited relevance in situations involving a plea of not guilty followed by a trial. In the context of this case, however, involving an issue of statutory construction, their impact is the same. If these Defendants had entered a plea of guilty, surely the Government would not seriously contend that it could thereafter seek enhanced punishment under § 3575 absent pre-plea notice concerning that potential consequence of the plea. It follows with equal force that the same must also be said with respect to trials since the statute provides no basis whatever for a distinction to be drawn between a plea and a trial vis-a-vis the express requirement that the notice be filed prior to those events.

The Government's motion to increase the sentence of Defendants Dondich and McConnell as dangerous special offenders pursuant to 18 U.S.C.A. § 3575 is hereby dismissed as untimely filed.