UNITED STATES of America, Plaintiff,

v.

Theodore W. KELLY, Defendant.

No. 74 CR 87 W 4.

United States District Court, W. D. Missouri, W. D.

Nov. 13, 1974.

**1396**

Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

ELMO, B. HUNTER, District Judge.

On April 4, 1974, a federal grand jury returned a two count indictment against this defendant charging in each count the receipt of a firearm by a convicted felon in violation of Section 1202(a)(1), Title 18 Appendix, United States Code, on or about November 14, 1972, and February 3, 1974, respectively. Full jury trial commenced on July 11, 1974, and a verdict of guilty on each count was returned by the jury on the afternoon of July 12, 1974. Defendant's post-trial motion for a judgment of acquittal was denied by the undersigned Judge on July 25, 1974. At all proceedings before this Court in this cause the defendant has been represented by his court appointed counsel.

On July 3, 1974, the Assistant United States Attorney charged with the prosecution of this cause filed under seal with the Hon. William H. Becker, Chief Judge of this Court, a notice under 18 U.S.C. § 3575(a) that this defendant is a dangerous special offender warranting the increased maximum punishment provided by that section. On August 16, 1974, defendant Kelly moved to strike that notice. On October 25, 1974, this Court took defendant's motion to strike the notice under advisement and set November 8, 1974, for the full evidentiary hearing contemplated by 18 U.S.C. § 3575(b). The hearing having been completed, the Court must first consider defendant's motion to strike.

The notice states as follows:

"Comes now the United States, By Bert C. Hurn, United States Attorney for the Western District of Missouri, and by Robert G. Ulrich, Assistant United States Attorney for the Western District of Missouri, charged with the prosecution of the above-named defendant before the United States District Court for the Western District of Missouri, said defendant charged in two counts with the violation of Title 18—Appendix, United States Code, Section 1202(a)(1) which are felonies committed when the defendant was over the age of 21 years, and does hereby file with the Court, in compliance with the provisions of 18 United States Code, Section 3575(a) notice that upon the conviction of the said felonies, this defendant is subject to the imposition of sentence pursuant to 18 United States Code, Section 3575(b) as a dangerous special offender.

"The defendant is a special offender for the purposes of 18 United States Code, Section 3575 and within the meaning of 18 United States Code, Section 3575(e), having been convicted in Courts of the State of Missouri of two felonies, the first felony conviction for stealing from the person on September 23, 1963, in the Circuit Court of Jackson County, and sentenced to two years confinement; and the second felony conviction for robbery in the first degree occurring in the Circuit Court of the State of Missouri for the City of St. Louis, on the 7th day of July, 1969, and sentenced to eight years confinement. The defendant was confined in the Missouri State Prison, Jefferson City, Missouri, as a result of both convictions and was released from the Missouri State Penitentiary on the second felony conviction on or about the 17th day of August, 1972, within five years from the dates of the commission of the offenses charged in the above-styled cause.

"The defendant is dangerous within the meaning of Title 18, United States Code, Section 3575(f) requiring that a period of confinement longer than

that provided for the offense for which he was convicted, Title 18—Appendix, United States Code, Section 1202(a)(1), to protect the public from further criminal conduct by said defendant.

"In conclusion, the United States by its attorneys does herein give notice to the Court that the defendant is a dangerous special offender within the meaning of Title 18, United States Code, Section 3575."

Defendant Kelly has moved to strike the above notice, and thereby escape the imposition of sentence under the dangerous special offender provisions, on several grounds. He contends: 1) that the notice is not sufficient under the statute as it does not state with particularity the reasons the United States believes this defendant is "dangerous" within the meaning of the statute; 2) that the notice does not give sufficient notice of the allegations against this defendant in this statutory proceeding, and thereby is violative of the Due Process clause of the Fifth Amendment; 3) that the application of Section 3575 to this defendant is illegal and unconstitutional for the reason that Title XII of the Organized Crime Control Act of 1970 has not been complied with; 4) that the term "dangerous" as used and defined in Section 3575 is unconstitutionally vague and provides no standard upon which a trial judge could properly make a finding that an individual is "dangerous" within the meaning of the statute; and 5) that a number of the procedural steps outlined in Section 3575 for the hearing contemplated by that statute are violative of the Due Process clause of the fifth amendment. The United States has filed its brief in opposition to defendant's motion, and in its brief takes a contrary position with regard to each contention of defendant.

█ For the reasons set forth below, this Court has concluded that the notice filed by the United States is insufficient, and accordingly the defendant's motion to strike the notice will be sustained.[1]

Section 3575 of Title 18, U.S.C. sets forth a procedure by which an attorney for the United States, should he determine to file a notice as mandated by the statute, can institute a proceeding by which the Court, should it make the required findings under Section 3575(b), may impose a sentence of up to twenty-five years confinement. Section 3575(a) sets forth the method by which the attorney for the government shall file the notice that the defendant, he believes, is a dangerous special offender, and indicates what is to be included in such notice. Section 3575(b) sets forth the procedure by which the Court shall conduct the hearing to determine if the defendant is a dangerous special offender. Sections 3575(c) and (d) provide that this statute shall not be construed to prevent the imposition of a sentence greater than twenty-five years if the statute upon which the defendant was convicted provides for a greater sentence, and that the Court shall not sentence a dangerous special offender to any term less than any mandatory minimum term provided by the statute for which the defendant was convicted. Section 3575(e) defines a "special offender" for purposes of this section, and Section 3575(f) defines "dangerous" for purposes of this section.

The relevant sections for purposes of the instant motion are Sections 3575(a), 3575(e)(1), and 3575(f). In pertinent part, those sections read as follows:

"(a) Whenever an attorney charged with the prosecution of a defendant in a court of the United States for an alleged felony committed when the de-

---

1. Hence, this Court does not reach defendant's remaining contentions, and therefore, expresses no opinion as to the substantive constitutional questions raised concerning the remainder of Section 3575. See United States v. Tramunti, 377 F.Supp. 6 (S.D.N.Y.1974).

fendant was over the age of twenty-one years has reason to believe that the defendant is a dangerous special offender such attorney, a reasonable time before trial or acceptance by the court of a plea of guilty or nolo contendere, may sign and file with the court, and may amend, a notice (1) specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of a sentence under subsection (b) of this section, and (2) *setting out with particularity* the reasons why such attorney believes the defendant to be a dangerous special offender. . . . ." (emphasis added)

"(e) A defendant is a special offender for purposes of this section if—

(1) the defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency or instrumentality thereof; . . ."

"(f) A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant."

■■ It is clear from the plain, unambiguous language of Section 3575 that before the Court may impose sentence pursuant to Section 3575(b), two separate and distinct tests must be satisfied. First, the Court must find the defendant to be a "special offender" within the meaning of Section 3575(e)(1, 2, 3), and second, the defendant must be found to be "dangerous" within the definition of Section 3575(f). It is apparent under the definitions of this section that an individual may be found to be a "special offender" under one of the three sub-parts of Section 3575(e) without necessarily being found to be "dangerous" as defined in Section 3575(f). Further, pursuant to Section 3575(a) a notice filed under this section must (1) include a statement specifying that the defendant is a "dangerous special offender" who upon conviction is subject to the imposition of sentence under Section 3575(b), and (2) set forth "with particularity the reasons why the attorney for the United States believes the defendant to be a "dangerous special offender".

The notice in this case first states that this defendant was over the age of twenty-one years at the time of the commission of the offenses charged in the indictment, and that the attorney for the United States filing the notice is charged with the prosecution of this defendant in this Court. It then further states that this defendant is a "dangerous special offender" subject to imposition of sentence, upon conviction, under Section 3575(b).

The notice then sets forth with particularity the reasons why the attorney filing the notice believes this defendant to be a special offender, alleging that this defendant has at least two prior felony convictions in Missouri State courts, carrying a maximum penalty of confinement in excess of one year. The convictions referred to are alleged to be a 1963 conviction for stealing from the person

and a 1969 conviction for first degree robbery. The notice states that this defendant was released from state custody in connection with these offenses in 1972, less than five years prior to the dates of the offenses charged in the instant indictment. These allegations, if later proved at the hearing contemplated by Section 3575(b), would clearly support a finding by this Court that this defendant is a "special offender" as that term is defined by Section 3575(e)(1).

However, the notice filed in this case does not set forth any reasons why the Assistant United States Attorney who filed the notice believes this defendant to be "dangerous" as defined in Section 3575(f). Defendant Kelly was charged in this case with two violations of Section 1202(a)(1), Title 18 Appendix, United States Code. Under Section 1202(a)(1), the maximum period of confinement provided for each violation is two years. A proper notice in this case would require a statement of the reasons why a period of confinement in excess of two years on each count "is required for the protection of the public from further criminal conduct by the defendant". The notice filed in this case merely makes the following unsupported conclusory allegation:

> "The defendant is dangerous within the meaning of Title 18, United States Code, Section 3575(f) requiring that a period of confinement longer than that provided for the offense for which he was convicted, Title 18—Appendix, United States Code, Section 1202(a)(1), to protect the public from further criminal conduct by said defendant."

No statement of any reasons why the United States believes a period of confinement longer than two years is necessary to protect the public is present in this notice. Accordingly, it does appear that the notice filed in this case fails to satisfy the requirements of Section 3575(a) requiring the "setting out with particularity the reasons . . . ."

The United States contends, however, that the legislative history of Section 3575 demonstrates that Congress intended for proof of Section 3575(e)(3) to constitute a prima facie showing that a defendant is "dangerous" within the meaning of Section 3575(f). This Court is somewhat puzzled as to the relevancy of this argument. Section 3575(e)(3) states that a defendant is a "special offender" within the meaning of this statute if the felony charged in the case is, or was committed in furtherance of

> "a conspiracy with three or more other persons to engage in a pattern of conduct criminal under applicable laws of any jurisdiction, and the defendant did, or agreed that he would, initiate, organize, plan, finance, direct, manage or supervise all or part of such conspiracy or conduct, or give or receive a bribe or use force as all or part of such conduct."

Neither the indictment nor the notice herein contain any allegation of activity by this defendant of the type outlined in Section 3575(e)(3).

However, even assuming *arguendo* the relevancy of this contention, and applying this rationale to each of the three subsections of Section 3575(e), this position cannot be sustained. This court has carefully reviewed the legislative history of Section 3575. That review convinces this Court that the construction of this section as outlined above is consistent with the clear, plain language of Section 3575, and with the intent of Congress. A notice under Section 3575(a) must set forth with particularity why the United States believes a defendant is a "special offender" under Section 3575(e) *and* why the United States believes he is "dangerous" as defined by Section 3575(f).[2]

---

2. With regard to the legislative history in this context, see the "Memorandum Opinion and Order Directing Further Proceedings issued by the Hon. John W. Oliver, Judge of this Court, in United States v. Duardi, et al., 384 F.Supp. 861 (W.D.Mo.1974).

■ Further, this Court has been unable to find any support in the legislative history of Section 3575 for the assertion that allegations sufficient to support a finding that a defendant is a "special offender" as defined in Section 3575(e)(1) constitute a prima facie showing of dangerousness as defined in Section 3575(f). In the absence of a clear showing of contrary legislative intent, the general rule of statutory construction requires this Court to ascertain the congressional intent with regard to a particular statute from the language used by Congress in the statute, if that language is clear and plain, and if the statute is internally cohesive. United States v. Mirabile, 503 F.2d 1065 (8th Cir. 1974). The clear and plain language of Section 3575 mandates the construction given that language by this Court. Certainly the government has made no clear showing of any contrary legislative intent. Section 3575 is internally cohesive.

## II.

The question remaining, although not specifically raised by either plaintiff or defendant, is whether the United States may after trial and conviction, amend its notice to comply with Section 3575(a) or to conform to the evidence submitted at the hearing. Section 3575(a) does state that the attorney for the United States

> "a reasonable time before trial or acceptance by the court of a plea of guilty or nolo contendere, may sign and file with the court, and may amend, a notice . . . ."

■ This Court is of the opinion that the notice may be amended only before trial or acceptance by the Court of a plea of guilty or nolo contendere, and not subsequent thereto. The procedure set forth in Section 3575(a) clearly contemplates that the defendant will be advised before trial or the entrance of a plea of guilty or nolo contendere of the intention of the United States to proceed under Section 3575, and of all matters required to be included in such notice. To allow the notice to be modified after trial, or after the entrance of a plea of guilty or of nolo contendere, would obviously contravene the procedural scheme of Section 3575.

■■ The maximum punishment to which Section 3575 subjects a defendant is very severe. In this case, were the statute to be applied to this defendant, and were the Court to find him to be a "dangerous special offender", the maximum punishment would increase from two years confinement on each count to twenty-five years confinement on each count. In proceeding under this section, the United States must precisely follow the procedural safeguards and requirements which this section mandates. See United States v. Tramunti, 377 F.Supp. 6 (S.D.N.Y.1974) regarding a similar statute, 21 U.S.C. § 849. The United States will not be permitted to amend its notice at this time after defendant Kelly has been fully tried and convicted.

■ In addition to the reasons stated above, it is worth note that in a case in which a Section 3575(a) notice has been filed, should a defendant enter a plea of guilty or nolo contendere in reliance upon the contents of the notice, and the United States thereafter be permitted to amend the original notice, the defendant would then have grounds to withdraw or set aside his plea for the reason that the plea of guilty or nolo contendere was not knowledgeably made in the absence of the additional, derogatory information contained in the amended notice. It would therefore appear that the government should not be permitted to amend its notice following a plea of guilty or nolo contendere. It follows, then, that to allow the United States to amend the notice in a case in which the defendant has been previously tried and convicted after a plea of not guilty would be to impose a double standard tending to penalize individuals who exercise their right to a full jury

trial.[3] Such double standards have in the past been held violative of Due Process. See United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).[4]

For the reasons stated, defendant's motion to strike the "Notice to the court Pursuant to Title 18, United States Code, Section 3575 That The Above-Named Defendant Is A Dangerous Special Offender" filed July 3, 1974, is hereby sustained. The notice is therefore dismissed.

It is so ordered.

3. For example, the double standard would place a defendant, who is faced with a notice that is insufficient on its face to trigger the application of Section 3575, in the precarious position of entering a plea of guilty and being exposed to the maximum punishment provided for the offense charged or going to trial and thereafter being exposed to the entire range of punishment under Section 3575(b) should the government after trial file an amended notice sufficient to trigger Section 3575.

4. Compare United States v. Noland, 495 F.2d 529 (5th Cir., 1974) and United States v. Edwards, 379 F.Supp. 617 (M.D.Fla.1974).