**UNITED STATES of America,
Defendant-Appellee,**

v.

**Bruce Wayne DANIEL,
Plaintiff-Appellant.**

No. 87–2105
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1987.

Garland Cardwell, Bryce J. Denny, Sherman, Tex., (court-appointed), for plaintiff-appellant.

Ronald J. Sievert, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Bruce Wayne Daniel, was convicted on his guilty plea of one count of conspiracy to distribute Dilaudid, a controlled substance, 21 U.S.C. §§ 841(a)(1) and 846. The guilty plea was based upon a plea bargain with the Government. Under the bargain, the Government agreed not to prosecute appellant for any other related Title 21 offenses, and appellant agreed to cooperate with the Government in its ongoing investigation of such offenses.

The one count information, presented to appellant prior to his pleading, stated that the penalty for this offense was "A fine of not more than $125,000 and/or imprisonment of not more than 15 years or both." At the time of arraignment, during the plea proceeding on October 23, 1986, the Court advised appellant in accordance with Rule 11, Fed.R.Crim.P., concerning the consequences of his guilty plea, namely, that the maximum possible sentence would be "a fine of up to one hundred and twenty-five thousand dollars and/or imprisonment of not more than fifteen years or both." Appellant indicated to the court that he understood that. After the Government read the indictment, appellant then entered a plea of guilty to the offense charged in the information. Before accepting appellant's guilty plea, in the course of inquiry as to the plea agreement, the court stated to appellant:

> The court has previously advised you of the minimum and maximum punishment possible. Under that you can be imprisoned for up to four years or fined up to a

hundred and twenty-five thousand dollars or both.

To this appellant replied, "Yes sir."

Neither appellant nor his counsel questioned the discrepancy between fifteen and four years at that time, or later when the court sentenced appellant to a term of ten years on January 6, 1987. Appellant first questioned the duration of his sentence in a pro se petition filed with the district court on March 2, 1987: "Judge at my plea you advised me that the most I could get was four years which I am willing to take but if this can't be done please let me withdraw my plea." Appellant contends that he is entitled to plead anew because the court did not properly disclose the maximum possible sentence prior to accepting his guilty plea.

Before accepting a guilty plea, a court must advise the defendant concerning the maximum possible penalty provided by law. Rule 11(c)(2), Fed.R.Crim.P.; *United States v. Blair,* 470 F.2d 331, 339 (5th Cir.1972), *cert. denied, sub nom. Crews v. United States,* 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973); *Hill v. United States,* 452 F.2d 664, 665 (5th Cir.1971). Here there is no doubt that the court correctly so advised appellant prior to his pleading guilty. Yet according to the record on appeal, the court inconsistently and apparently inadvertently advised appellant incorrectly before accepting that plea, by stating that the maximum penalty would be four years and/or the fine. The court subsequently sentenced appellant to ten years.

Rule 11(h), Fed.R.Crim.P., providing for harmless error, states: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." We have held that failure of a trial court to address any one or more of the core requirements of Rule 11 will not be treated as harmless error. *United States v. Dayton,* 604 F.2d 931, 939 (5th Cir.1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). That core includes the necessity that defendant understand the consequences of his plea. *Id.* at 943. Wright, FEDERAL PRACTICE

AND PROCEDURE: CRIMINAL 2d § 178 at 678 (1982).

The dispositive question is whether at the time appellant's plea was offered and accepted he understood that he might be sentenced to a term of fifteen years. The question is important since core requirements for Rule 11 compliance may implicate fundamental constitutional rights. *Boykin v. Alabama,* 395 U.S. 238, 243–244, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969); *United States v. Dayton,* at 946 (Brown, J., concurring); *United States v. Journet,* 544 F.2d 633, 636 (2d Cir.1976).

On previous occasions we have remanded for supplemental evidentiary hearing to determine whether a defendant had actual knowledge of the maximum penalty for which he was charged. *United States v. Woodall,* 438 F.2d 1317, 1322–1323 (5th Cir.1970); *Tucker v. United States,* 409 F.2d 1291, 1295 (5th Cir.1969). We remand to the district court for a determination of appellant's understanding with respect to sentencing consequences at the time his guilty plea was accepted on October 23, 1986.

REMANDED FOR EVIDENTIARY HEARING.