457 So.2d 1240 (1984)
STATE of Louisiana
v.
William SCHULER.
No. KA 84 0160.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Writ Denied December 14, 1984.
*1241 Ossie Brown, Dist. Atty., by Luke Lavergne, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
*1242 Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
William Schuler was charged by bill of information with possession or dealing in an unregistered or illegally transferred weapon in violation of LSA-R.S. 40:1785. Defendant initially entered a plea of not guilty at arraignment. After the trial judge denied defendant's motion to suppress physical evidence, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged, expressly reserving his right to appeal the trial judge's denial of his pre-plea motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). After accepting defendant's guilty plea, the court sentenced defendant to serve five years at hard labor, to pay a $1,000.00 fine, and to pay court costs of $123.10.
On appeal, defendant relies on two assignments of error:
(1) The trial court erred when it denied defense motion to suppress.
(2) The trial court erred when it imposed an excessive sentence.

ASSIGNMENT OF ERROR NUMBER 1:
Defendant contends the trial judge erred in denying his motion to suppress the physical evidence. Evidence adduced at the preliminary examination[1] reveals that on or about March 7, 1982, Lieut. Bradford of the East Baton Rouge Sheriff's Office and another deputy were working extra detail at the Disco Palace in the City of Baton Rouge.[2]
Having been advised by the manager of the Disco Palace that defendant was acting suspiciously and had an unusual bulge in the back of his left leg, Lieut. Bradford went to the rear of the facility where he observed that defendant's behavior was unusual and loud. As defendant leaned over to shoot pool, Lieut. Bradford also observed something bulging out of the back of defendant's trousers.
Lieut. Bradford admitted that he was not certain of the identity of the bulge but knew that it was "something that shouldn't be there." At that point Lieut. Bradford approached defendant, identified himself and frisked defendant for weapons. The barrel of a .20 gauge sawed-off shotgun was removed from defendant's left back area, and the stock of the gun was removed from the center of defendant's back. One shell was found in the gun and two other shells were found in defendant's right front pocket. Defendant was thereafter placed under arrest.
In determining the validity of the seizure of the gun, there are two actions of Lieut. Bradford that must be examined: the initial detention of defendant and the subsequent frisk. If either action was not justified, the evidence obtained is inadmissible.
The Fourth Amendment to the United States Constitution and La. Const. art. 1, Section 5 (1974) protect against unreasonable searches and seizures. However, the right of a law enforcement officer to stop and interrogate one he reasonably suspects is committing, has committed, or is about to commit an offense is recognized by La.C.Cr.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). The right to make such an investigatory stop must be based upon reasonable cause to believe that the detained individual has been or is about to be engaged in criminal conduct. Terry, supra; Andrishok, supra.
Reasonable cause to suspect a detainee of criminal activity is something less than probable cause and must be determined under the facts of each case. The determinative factor in such a query is *1243 whether the officers had sufficient knowledge of particular circumstances to permit them to infringe upon the individual's right to be left alone free of governmental interference with his liberty. State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980). In order to assess the reasonableness of an officer's conduct, it is necessary to balance the need to search or seize against the harm of invasion. State v. Bolden, 380 So.2d 40 (La.1980), cert. denied, 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980).
Although Lieut. Bradford was not certain of the identity of the bulge observed on defendant's person, he suspected that it might be a weapon.[3] Such a situation presented an immediate danger to the public, particularly in a night club setting. The potential for harm was high not only to the investigating officer, but also to the innocent patrons.
In State v. Wade, 390 So.2d 1309, 1312-1313 (La.1980), cert. denied, 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 848 (1981), the Louisiana Supreme Court noted:
The purpose of allowing a limited weapons search is to prevent harm to police officers by allowing action prior to a crisis stage. Terry, supra. Police officers are not required to stand by and give a suspect the first move before taking action. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry, 392 U.S. at 27, 88 S.Ct. at 1883. Equally important is the protection of the suspect, presumed innocent by law, from the harm that could result to him should he naively do an act interpretable as reaching for a weapon at a time when a police officer may reasonably suspect the presence of a weapon. Within this class of actions could be such innocent acts as reaching into the back pocket to produce a wallet or thrusting a hand into a jacket for a pack of cigarettes.
It is sufficient that an officer establish a substantial possibility of danger by pointing to particular facts which support such an inference. State v. Bolden, supra, at 42. Such was clearly the case here. Lieut. Bradford was justified in conducting a limited protective search of defendant for weapons.
Accordingly, the trial judge did not err in denying defendant's motion to suppress the gun obtained. Assignment of Error Number 1 is without merit.

ASSIGNMENT OF ERROR NUMBER 2:
Defendant next urges that the sentence imposed was excessive in violation of La. Const. art. 1, Section 20 (1974). The standard of review to be exercised by an appellate court is circumscribed by rather narrow limits. A trial judge has wide discretion to impose a sentence within statutory limits. In the absence of manifest abuse of discretion, the sentence imposed will not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant was sentenced to serve five years at hard labor, the maximum period of incarceration under LSA-R.S. 40:1791 for a first violation, a $1,000.00 fine and court costs. Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense and the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981).
Defendant argues that the court considered only defendant's extensive criminal record in imposing the sentence and did not consider any of the mitigating factors required to be considered under La.C.Cr.P. art. 894.1.
When the trial judge recites some of the La.C.Cr.P. art. 894.1 factors such as defendant's lengthy criminal history or the risk that defendant would commit another crime, a factual basis for the sentence is presented. It is not necessary for the trial judge to enumerate each factor under that *1244 article. State v. Mott, 409 So.2d 263 (La. 1982); State v. Burns, 441 So.2d 1294 (La. App. 1st Cir.1983), cert. denied, 444 So.2d 1242 (La.1984). The record reveals that the court sufficiently contemplated and articulated its reasons for imposition of the sentence. Particularly noteworthy is defendant's status as a third felony offender, with numerous misdemeanor arrests. During pendency of the instant prosecution, defendant was arrested for yet another weapon violation.
Although defendant argues failure of the trial judge to articulate every mitigating factor enumerated in art. 894.1, not even one of the mitigating factors is urged as being applicable in the instant case.
We cannot say that the sentence imposed is excessive under the circumstances. We find that the trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved.
The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Motion to Suppress physical evidence was submitted to the court on the testimony from the preliminary hearing.
[2] A Louisiana deputy sheriff never truly goes off duty. At all times pertinent, we find that Lieut. Bradford was acting in his capacity as a law enforcement officer. See State v. Wilkerson, 367 So.2d 319 (La.1979).
[3] Lieut. Bradford noted that the bulge "could have been a club or ... anything."