476 So.2d 986 (1985)
STATE of Louisiana
v.
Terry DOMANGUE.
Nos. KA 85 0201, KA 85 0202.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*987 Louis T. Toups, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of Louisiana.
Robert T. Jacques, Jr., Lake Charles, for defendant-appellant Terry Domangue.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Terry Domangue was indicted by the Lafourche Parish grand jury, charged with two counts of indecent behavior with juveniles, in violation of LSA-R.S. 14:81. Pursuant to a plea bargain in which other outstanding charges were dismissed, Domangue pled guilty to the instant charges. After a pre-sentence investigation and a sentencing hearing, the trial court sentenced Domangue to serve five years at hard labor on each count, the sentences to be served consecutively. After the sentences were imposed, Domangue pro se moved to withdraw his guilty pleas. After a hearing, the trial court denied Domangue's motion. He has appealed, alleging four assignments of error, as follows:
1. The defendant's pleas of guilty on August 10, 1984, and sentencing on October 23, 1984, were constitutionally infirm.
2. The sentence of five years on each count of indecent behavior with a juvenile to run consecutively is excessive and in violation of the United States and Louisiana Constitutions.
3. The trial court's reasoning did not adequately comply with La.C.Cr.P. art. 894.1.
4. The failure of the trial court to allow defendant to withdraw his guilty plea was an abuse of discretion and in violation of his due process rights.

ASSIGNMENTS OF ERROR ONE AND FOUR
Domangue alleges that his guilty plea is constitutionally infirm and that the trial court erred in denying his motion to withdraw the plea.
Domangue argues that the conviction is invalid because he did not make an intelligent waiver of his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He alleges that he was not aware of the nature of the charges to which he was pleading, the plea was the result of threats and coercion, he was unaware of the rights he waived by entering the plea, and he believed a plea bargain existed to which the trial court did not adhere in imposing the maximum permissible sentence upon him.
*988 Before the trial court can accept a plea of guilty, it must first be determined that the accused has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the range of possible sentences. Boykin v. Alabama, supra; State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
The transcript of the Boykinization reveals that the trial court very carefully enumerated the rights Domangue waived by his plea and that Domangue knowingly waived these rights. Domangue pled guilty on the date his trial was to begin. His attorney had no exceptions or objections to the facts related by the prosecutor, and Domangue testified that he had discussed the matter with his attorney and understood the pending charges. Domangue had previously been arraigned on these indictments. Having represented to the trial court that defense counsel had explained and that he understood the nature of the crime to which he was pleading, we find the trial court did not err in accepting the guilty plea. See State v. Bowick, 403 So.2d 673 (La.1981).
Domangue now claims his plea was coerced by his wife and asserts nebulous claims of threats to injure or kill him. Domangue made identical assertions during the Boykinization but clearly represented to the court that the plea was not in response to the threats or coercion. Domangue does not substantiate his claim that the plea was coerced.
Domangue further asserts that his plea was based on his understanding that a plea bargain had been arranged whereby he would not be sentenced to incarceration, but the sentence would be limited to the time already served.
Whenever a guilty plea rests in any significant degree on an agreement or promise by the prosecutor so that it can be viewed as part of the inducement or consideration, such promise must be fulfilled or the defendant given an opportunity to withdraw the plea. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984).
Domangue's allegations are not supported by the record. The transcript indicates the trial court explicitly informed Domangue that the state intended to decline prosecution on three other charges, [two counts of aggravated crime against nature and the charge of carnal knowledge of a juvenile] in exchange for Domangue's plea, and that arrangement was the only agreement. The trial court further advised Domangue as follows:
Now there has been no negotiation. I haven't promised anything. Do you understand that? I am going to order a pre-sentence investigation if I accept your pleas, and after I examine the presentence investigation I will decide what my sentence is. In each case, there is a potential that you can be fined up to five thousand dollars and/or five years with or without hard labor. Do you understand that?
(By the defendant) Yes, sir.
So the maximum sentences that could be imposed in this case, if I chose, would be total fines up to ten thousand dollars, and total time in jail up to ten years in the sense it would be two consecutive five year sentences. I can give you that, or I can give you suspended sentences or I could give you six months in the parish jail, it's up to me. Do you understand that?
(By the defendant) Yes, sir.
We find the record clearly establishes that there was no agreement to limit Domangue's sentence, and any belief that a limitation had been agreed upon was not well-founded.
Domangue also argues that the trial court erred in refusing to permit him to withdraw his guilty plea based on the allegations above. We find no merit to this claim. The discretion to permit the withdrawal of a guilty plea is vested in the trial court. State v. Banks, supra. The trial court determined that Domangue's plea *989 was knowingly and voluntarily made. It noted that the state had declined prosecution on other pending charges and accepted the plea to the instant offense in order to spare the victimized children the agony of trial. The court indicated it would deny the motion to withdraw the plea for the same reasons. We find no abuse of discretion in the denial of Domangue's motion.
These assignments of error have no merit.

ASSIGNMENTS OF ERROR TWO AND THREE
Domangue argues that the trial court erred in imposing the maximum sentence and in failing to sufficiently articulate the basis for the sentence.
The trial court has wide discretion in the imposition of sentence, and a sentence will not be set aside in the absence of a manifest abuse of that discretion. State v. Peterson, 464 So.2d 466 (La.App. 1st Cir.1985). However, maximum sentences are appropriately imposed only for the most serious violation of the described offense and for the worst kind of offender. State v. Schuler, 457 So.2d 1240 (La.App. 1st Cir.), writ denied, 462 So.2d 191 (La. 1984). The trial court specifically found Domangue to be of this class, and we find no abuse of discretion.
The trial court orally advised Domangue of the reasons for the sentence and filed written reasons into the record. The court noted that Domangue had also been indicted for carnal knowledge of a juvenile and aggravated crime against nature, offenses which carried a more severe penalty than his sentencing exposure for these charges. The court noted that, as the result of the pre-sentence investigation, it had been impressed with the seriousness of Domangue's actions and the depravity of his conduct. The court further noted that other information which had become available, including letters Domangue had written, had convinced the court that Domangue's conduct was the most reprehensible and depraved possible.
Upon review of the record, we find the trial court complied with the sentencing guidelines of La.C.Cr.P. art. 894.1 and that the sentence imposed is not an abuse of discretion.
Therefore, for the above reason Domangue's conviction and sentence are affirmed.
AFFIRMED.