535 So.2d 1150 (1988)
STATE of Louisiana, Appellee,
v.
Coy YOUNG, Jr., Appellant.
No. 20080-KA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
Joseph D. Toups, Jr., Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Don Burkett Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before HALL, MARVIN and LINDSAY, JJ.
PER CURIAM.
The defendant, Coy Young, Jr., appeals as excessive his sentence of ten years at hard labor for carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80. For the following reasons, we vacate the defendant's conviction and his sentence and remand *1151 to the trial court for further proceedings.

FACTS
The defendant was charged by bill of information with committing carnal knowledge of a juvenile on or about March 8, 1986. The bill of information charged that the victim of the offense was the defendant's 15-year-old step-daughter. The defendant was also charged, in a separate case, with incest, involving his 14-year-old daughter. The defendant originally entered pleas of not guilty to both offenses.
On October 15, 1987, pursuant to a plea agreement, the defendant withdrew his plea of not guilty to the charge of carnal knowledge of a juvenile and entered a plea of nolo contendere pursuant to the provisions of LSA-C.Cr.P. Art. 552(4). In exchange for this plea, the charge of incest which was pending against the defendant under a separate docket number, was dismissed. A pre-sentence investigation was ordered.
On February 11, 1988, the defendant appeared before the court for sentencing. At that time, he indicated to the court that he did not understand the proceedings against him when he entered his plea of nolo contendere. The trial court discounted the defendant's claim in light of the court's previous findings that the plea was entered freely, knowingly and voluntarily.
Based upon written reasons filed into the record, the trial court then imposed upon the defendant the maximum possible sentence for carnal knowledge of a juvenile under LSA-R.S. 14:80, ten years imprisonment at hard labor.
The defendant appealed this sentence, claiming that the pre-sentence investigation contained inaccuracies which the defendant was not given an opportunity to rebut at the sentencing. He also contends that, as a first felony offender, imposition of the maximum possible term of imprisonment under the facts of this case constituted the imposition of an excessive sentence.
Upon our review of the record, we have discovered error patent on the face of the record which requires that we vacate the defendant's plea and sentence and remand the case to the trial court for further proceedings.

KNOWING AND VOLUNTARY ENTRY OF PLEA
In this case, the defendant entered a plea of nolo contendere rather than a plea of guilty. However, LSA-C.Cr.P. Art. 552(4) provides that, if the court accepts such a plea, the court shall impose a sentence or place the defendant on probation, or release him during his good behavior, in accordance with the laws applicable to the offense. The Code Article also provides that such a sentence is a conviction. Such a plea must be entered knowingly and voluntarily. In order for a plea of guilty or nolo contendere to be knowingly and voluntarily entered, the court must apprise the defendant that by entry of his plea he waives his right to trial by jury (when applicable), his right of confrontation and his right against compulsory self-incrimination. The record in the present case shows that the defendant was informed of these rights, and he stated that he understood them and knowingly and voluntarily waived those rights and entered his plea.
However, the trial court failed to apprise the defendant of the maximum possible sentence which might be imposed as a result of his plea. This court has recognized that a defendant must be so informed before his plea will be deemed to be a knowing and intelligent plea. This rule, as stated in State v. Smith, 513 So.2d 544 (La. App. 2d Cir.1987), is as follows:
In addition to a waiver of the right to trial by jury, the right of confrontation, and the right against compulsory self-incrimination, in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. State v. Domangue, 476 So.2d 986 (La.App. 1st Cir.1985); State ex rel. Curry v. Guillory, 441 So.2d 204 (La.1983); State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982); Fortia v. United States, 456 F.2d *1152 194 (5th Cir.1972); United States ex rel. Hill v. United States, 452 F.2d. 664 (5th Cir.1971); United States v. Perwo, 433 F.2d 1301 (5th Cir.1970); State of Louisiana ex rel Gwin v. Dees, 410 F.2d 321 (5th Cir.1969), cert denied 396 U.S. 918, 90 S.Ct. 241, 24 L.Ed.2d 196 (1969); Tucker v. United States, 409 F.2d 1291 (5th Cir.1969). Therefore, a defendant must be apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. State ex rel. LaFleur v. Donnelly, supra.
The jurisprudence establishes that before the trial court can accept a plea of guilty, it must first be determined that the accused has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his Boykin rights, the acts sufficient to constitute the offenses for which he is charged and the range of possible sentences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Domangue, 476 So.2d 986 (La.App. 1st Cir.1985).
In this case, the consequences of a guilty plea and a plea of nolo contendere are the same. Absent a showing that the defendant was apprised of the maximum possible sentence which might be imposed, it cannot be said that the plea was knowingly and intelligently made.
We note that the trial court minutes reflect that the defendant was informed of the maximum possible sentence at the time he appeared in court and entered this plea. However, a review of the transcript of the plea colloquy reveals that the minutes are in error.
We also note that the defendant did not raise this issue on appeal. However, under LSA-C.Cr.P. Art. 920, the scope of appellate review includes not only error designated in the assignment of errors, but also error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983).
Because the defendant was not apprised of the maximum sentence which could be imposed upon him prior to the entry of his plea, the plea was not knowingly and intelligently made. We must therefore vacate the defendant's conviction and sentence and remand the case to the trial court to allow the defendant to plead anew.
Because we must vacate the conviction and sentence we do not reach the issues of whether the trial court erred in not allowing the defendant to rebut allegedly inaccurate information contained in the pre-sentence investigation report or whether the sentence imposed upon the defendant was excessive under the facts of this case.

CONCLUSION
For the above stated reasons, we vacate the conviction and sentence of the defendant, Coy Young, Jr., and remand this case to the trial court to allow the defendant to plead anew and for further proceedings in accordance with law.
REVERSED AND VACATED. REMANDED.