550 So.2d 711 (1989)
STATE of Louisiana, Appellee,
v.
Donnie Ray WATTS, Appellant.
No. 20713-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
Indigent Defender Office by Carl F. Survine and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, NORRIS and HIGHTOWER, JJ.
HALL, Chief Judge.
Defendant, Donnie Ray Watts, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. Pursuant to plea negotiations with the state, defendant pled guilty to simple burglary, and the state dismissed other charges pending against defendant. The trial court sentenced him to seven years at hard labor. Defendant appealed, assigning as error that his sentence is excessive in violation of La.Const. Art. 1, § 20 (1974) and LSA-C.Cr.P. Art. 894.1.
Finding error patent on the face of the record in that the trial court failed to inform defendant of the range of sentences imposable, defendant's conviction and sentence must be vacated. The case will be remanded to the trial court so that defendant may plead anew and for further proceedings in accordance with law.
On March 26, 1987, defendant, using a tire tool, pryed open the side door of Johnnie *712 Richardson's residence. Defendant entered the house and took a V.C.R. and some jewelry.
The scope of appellate review includes not only errors designated in the assignments of errors but also error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. Art. 920; State v. Young, 535 So.2d 1150 (La. App.2d Cir.1988). The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983). The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. Before accepting the plea, the trial court must inform the defendant of his right to trial by jury, the right of confrontation, and the right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Smith, 513 So.2d 544 (La.App.2d Cir.1987). The defendant must also be informed of what the plea connotes and its consequences. "Consequences" include the permissible range of sentences. Boykin v. Alabama, supra, fn. 7. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Smith, supra; State v. Graham, 513 So.2d 419 (La.App.2d Cir.1987); State v. Domangue, 476 So.2d 986 (La.App. 1st Cir.1985). When the record does not indicate that defendant was informed of the permissible range of sentences, his plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. State v. Young, supra.
It is not required that the judge explicity inform the defendant of the possible sentence exposure so long as there is an affirmative showing of record that the defendant knew the range of penalties imposable. State v. Whitaker, 543 So.2d 1073 (La.App.2d Cir.1989).
There is no affirmative showing of record that defendant knew the range of sentences imposable. During the guilty plea the trial court asked defendant whether he had discussed the matter fully with his attorney. Defendant replied that he had. The court then asked defendant whether he understood what his attorney had told him about the charge and the consequences. Defendant again stated that he had. Nowhere in the course of the proceedings was defendant, on the record, informed by the court or his attorney of the permissible range of sentences.
Because the record does not establish that defendant was apprised of the range of sentences imposable for the crime to which he pled guilty, it cannot be determined that the plea was knowingly and intelligently made. Therefore, defendant's conviction and sentence must be vacated, and the case remanded to the trial court to allow defendant to plead anew. Since we vacate defendant's conviction and sentence, we need not reach the issue of whether the sentence imposed by the trial court was excessive under the facts of this case.
For the reasons stated above, we vacate defendant's conviction and sentence and remand this case to the trial court to allow defendant to plead anew and for further proceedings in accordance with law.
REVERSED AND VACATED. REMANDED.