567 So.2d 733 (1990)
STATE of Louisiana, Appellee,
v.
Rodney COMBS, Appellant.
No. 21795-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Indigent Defender Office by Carl F. Survine and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., *734 Jack A. Williams and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Defendant was originally charged with aggravated obstruction of a highway, negligent injury, operating a motor vehicle without liability insurance, operating a motor vehicle without proof of insurance, and having an expired inspection sticker and expired license plate. Pursuant to a plea bargain, defendant pled guilty to aggravated obstruction of a highway in exchange for all other charges being dismissed.
Following a pre-sentence investigation, the district court sentenced the defendant to five years at hard labor, recommending him as a candidate in the intensive incarceration program. Defendant brings this appeal, arguing that the sentence imposed is excessive.
Finding error patent on the face of the record in that the trial court failed to inform defendant of the range of sentences to which he was exposed by pleading guilty, the conviction and sentence must be conditionally vacated. The case will be remanded to the district court to determine whether the defendant was counseled about his sentencing exposure. State v. Mitchell, 561 So.2d 819 (La.App. 2d Cir. 1990).
On December 15, 1988, just after midnight, defendant was driving his pickup truck east on Colquitt Road in Shreveport on an unlighted stretch of roadway. Defendant ran out of gas and left his vehicle unattended with no parking lights or emergency flashers operating. Defendant later explained that he left the car in the roadway because if he had pushed the truck off the highway, it would have rolled into a ditch. A second vehicle was also traveling east on Colquitt Road and approached the stopped, unlighted vehicle from the rear. The driver did not see it until it was too late to avoid striking the left rear of defendant's parked vehicle. The second eastbound vehicle crossed the center line after impact and struck head-on a third car which had been traveling in a westerly direction. The occupants of the westbound car were both seriously injured and one later died as a result of injuries received in the accident.
Defendant, a high school graduate with no prior criminal record, pled guilty to aggravated obstruction of a highway of commerce. LSA-R.S. 14:96 provides:
§ 96. Aggravated obstruction of a highway of commerce
Aggravated obstruction of a highway of commerce is the intentional or criminally negligent placing of anything, or performance of any act, on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, wherein it is foreseeable that human life might be endangered.
Whoever commits the crime of aggravated obstruction of a highway of commerce shall be imprisoned, with or without hard labor, for not more than fifteen years.
The record reflects that, when he pled guilty, defendant was advised of his right to a trial by jury, his right of confrontation, and his right against compulsory self-incrimination. Defendant stated that he understood those rights and the trial court found that he knowingly and voluntarily waived those rights when he entered his guilty plea.
However, the trial court did not inform the defendant of the maximum possible sentence of fifteen years which could be imposed as a result of his plea.
In State v. Young, 535 So.2d 1150 (La. App. 2d Cir.1988), this court found that such a deficiency in the record constitutes error patent:
In addition to a waiver of the right to trial by jury, the right of confrontation, and the right against compulsory self-incrimination, in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. State v. Domangue, 476 So.2d 986 (La.App. 1st Cir.1985); State ex rel. Curry v. Guillory, *735 441 So.2d 204 (La.1983); State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982); Fortia v. United States, 456 F.2d 194 (5th Cir.1972); United States ex rel. Hill v. United States, 452 F.2d 664 (5th Cir.1971); United States v. Perwo, 433 F.2d 1301 (5th Cir.1970); State of Louisiana ex rel Gwin v. Dees, 410 F.2d 321 (5th Cir.1969), cert denied 396 U.S. 918, 90 S.Ct. 241, 24 L.Ed.2d 196 (1969); Tucker v. United States, 409 F.2d 1291 (5th Cir.1969). Therefore, a defendant must be apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. State ex rel. LaFleur v. Donnelly, supra.
The jurisprudence establishes that before the trial court can accept a plea of guilty, it must first be determined that the accused has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his Boykin rights, the acts sufficient to constitute the offenses for which he is charged and the range of possible sentences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Domangue, 476 So.2d 986 (La. App. 1st Cir.1985).
.... Absent a showing that the defendant was apprised of the maximum possible sentence which might be imposed, it cannot be said that the plea was knowingly and intelligently made.
. . . .
We also note that the defendant did not raise this issue on appeal. However, under LSA-C.Cr.P. Art. 920, the scope of appellate review includes not only error designated in the assignment of errors, but also error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983).
State v. Young, supra at 1151-52.
This court does not reach the issue of whether the sentence imposed in this matter is excessive under the facts of this case.
For the foregoing reasons, we conditionally vacate the conviction and sentence of the defendant, Rodney Combs, and remand this case to the trial court for a hearing, within a reasonable time, regarding the voluntariness of defendant's plea. If it is determined that the plea was knowingly and intelligently entered after defendant was counseled about his sentencing exposure, the record shall be supplemented accordingly and defendant may then be granted an appeal of that determination and the sentence which he here complains is excessive. If it is determined that the plea was not knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken. State v. Mitchell, supra.
CONDITIONALLY VACATED AND REMANDED.