734 So.2d 54 (1999)
STATE of Louisiana, Appellee,
v.
Shedrick S. JACKSON, Appellant.
No. 31,849-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Louis G. Scott, Bastrop, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, Counsel for Appellee.
*55 Before NORRIS, C.J., STEWART and PEATROSS, JJ.
NORRIS, Chief Judge.
Defendant, Shedrick Jackson, was charged with two counts of armed robbery arising from separate incidents in November and December 1996. Found guilty by a jury of one count of first degree robbery, La. R.S. 64.1, Jackson was then adjudicated a second felony offender and sentenced to 50 years at hard labor without benefit of parole, probation, or suspension of sentence. Jackson appeals his sentence, urging two assignments of error. We affirm.

Facts
On November 29, 1996 the victim, Johnny Robinson, was walking in the 1500 block of Cairo Street in Monroe. A vehicle pulled up beside him. Two men, one black and one white, got out of the car and forced Robinson against the vehicle door. The black man struck Robinson on the forehead with a pistol. The perpetrators forced Robinson into the car and drove to another section of the city. They took cash from his pockets, as well as gold earrings, a gold chain, his shoes and his jacket. They pushed Robinson out of the vehicle and drove away. Robinson went to a mini-mart, from which the police were contacted and took him to a hospital.
A few days after Robinson described his assailants to the police, a white male, Christopher Garsee, who matched the suspect's description, was arrested on a shoplifting charge. After questioning, Garsee admitted that he and Jackson had accosted Robinson. Garsee related that Jackson hit Robinson with a hammer. He admitted that he and Jackson robbed Robinson of cash, which they used to buy cocaine.[1]
Jackson was arrested and charged with armed robbery for the incident with Robinson. Jackson was also charged with the armed robbery of Christopher Shaw. A jury trial was held and Jackson was found not guilty of the armed robbery of Shaw, and guilty of first degree robbery of Robinson. Jackson was adjudicated a second felony offender, his prior offense was unauthorized use of a movable. He was then sentenced under the habitual offender statute to 50 years at hard labor without benefit of probation, parole, or suspension of sentence.

Discussion
Jackson argues that the district court erred in denying the oral motion to quash the prior conviction, a 1992 guilty plea to unauthorized use of a movable, on the grounds that the court taking that plea did not advise him that his plea could be used to enhance his sentencing exposure upon a subsequent conviction.[2]
A guilty plea is not valid unless it was free and voluntary on the part of the defendant. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Watts, 550 So.2d 711 (La.App. 2d Cir.1989); State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814; La. C.Cr.P. art. 556.1. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty is not free and voluntary unless the defendant was advised of his constitutional *56 rights against self-incrimination, to a trial by jury, and to confront his accusers. Id. The defendant must also be informed of what the plea, connotes and the consequences of the plea, including the permissible range of sentences. State v. Watts, supra; State v. Hill, supra.; La.C.Cr.P. art. 556.1. A court is not required to inform a defendant that his guilty plea may be used as a basis for the filing of a future multiple offender bill. State v. Nuccio, supra; State v. Jones, 28,929 (La. App.2d Cir.4/2/97), 691 So.2d 858 and citations therein.
In sum, it was not required that Jackson be informed his guilty plea could be used as a basis for the filing of a future multiple offender bill. State v. Nuccio, supra. As such, this assignment is without merit.
Jackson also appeals his sentence as being excessive. There is no indication in the record that the defense moved for reconsideration of sentence. A defendant is precluded from presenting arguments to the court of appeal which have not been presented to the trial court. La.C.Cr.P. art. 881.1. In such a circumstance, the defendant is relegated to review for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
At the sentencing, the court had the benefit of a PSI report. Jackson, who was 26 years old, attended schools in Ouachita Parish until he quit in the ninth grade at the age of 17. He has held no jobs since leaving school, but receives SSI. He complains of asthma, and cardiac difficulty, and denies the use of controlled substances. Jackson's parents are deceased, and he was reared in "a somewhat deprived social and economic" environment. He has steadfastly denied his involvement in the instant offense, even to the date of sentencing.
Jackson's criminal history included a felony conviction for unauthorized use of a movable. He additionally has a juvenile record and adult convictions for theft of a bicycle, disturbing the peace, carrying a concealed weapon, contempt, theft, shoplifting, contributing to the delinquency of a minor, disturbing the peace by public intoxication, theft by shoplifting on two occasions, trespassing, simple battery of a police officer, illegal use of a weapon, criminal damage to property, numerous convictions for resisting arrest and interfering with an officer, and numerous traffic offenses. Furthermore, the court mentioned that several arrests, but not convictions, involved resisting or interfering with police officers. The record additionally shows that Jackson was indicted for second degree murder on February 4, 1997; no disposition is shown.
The trial court considered the mitigating factors of Jackson's health problems, his deprived background and the death of his parents. The court also noted that in the present offense, Jackson's co-defendant had pled guilty before another judge to a lesser offense and had been sentenced to five years, suspended. There is no requirement that co-defendants be treated equally by the sentencing judge. State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied 98-1778 (La.11/6/98), 727 So.2d 444; State v. Labure, 427 So.2d 855 (La.1983).
The court then concluded that Jackson's conduct in this case was "severe." The court noted that the sentencing range under the habitual offender statute was 20 to 80 years at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 15:529.1 A(1) and La. R.S. 14:64.1. The court found Jackson was in need of correctional treatment; that a lesser sentence would deprecate the seriousness of his offense.
The sentence is at the middle of the range available to the court and is properly imposed without benefit. The crime *57 Jackson committed is a serious offense creating a highly explosive atmosphere in which victims, perpetrators and bystanders may be injured or killed. State v. Curry, 593 So.2d 860 (La.App. 2d Cir.1992). Jackson assaulted the victim and caused physical as well as financial damage to him. In sum, the sentence does not appear to be constitutionally excessive for this unemployed, 26-year-old who has amassed 42 charges during his adult life time.

Conclusion
For the reasons expressed, we affirm Jackson's sentence.
AFFIRMED.
NOTES
[1] Garsee pled guilty to one count of simple robbery and was sentenced to five years at hard labor. The court suspended execution of the sentence and placed him on five years probation. He also was ordered to make restitution to the victim in the amount of $590.
[2] The 1992 guilty plea colloquy was not included in the record. However, defense counsel alluded to the proposition that the trial court at the taking of the predicate guilty plea did not advise defendant that his conviction could be used to enhance future punishments. Notably, Jackson does not complain that the 1992 colloquy did not advise him of his right to an attorney, right to a trial by jury, right to confront and cross-examine witnesses, the right against self-incrimination, and the minimum and maximum penalty of the offense; as such it is assumed that he was advised of these rights. La.C.Cr.P. art. 556.1. The state does not contest the allegation that Jackson was not advised that his conviction could be used to enhance his sentencing exposure.