STOKER, Judge.
The defendant, Scott Rainey, Jr., was charged by a bill of information with the crime of illegal use of weapons or dangerous instrumentalities, a violation of La.R.S. 14:94. The defendant entered a plea of not guilty and proceeded to trial before the trial judge sitting without a jury on July 24, 1984. The trial judge found the defendant guilty as charged. On July 31, 1984, the court sentenced the defendant to serve eighteen months in the Rapides Parish Prison, subject to work release, and to pay $136 in court costs. The defendant appeals his conviction only and does not complain of the sentence.
FACTS
On October 16, 1983, approximately one hundred people attended a party at the Red Room, a nightclub in Cheneyville, Louisiana. About half the people at this party were from Oakdale and the other half were *423 from Cheneyville. During the course of the evening, several fights had taken place between the group from Oakdale and the group from Cheneyville.
At one point during the evening, the defendant, a Cheneyville resident, approached Jimmy Ray Sweet, an Oakdale resident, and threatened him with a gun. According to the testimony of Juanita Jones, an Oak-dale resident attending the party, someone then grabbed the defendant and took him outside. A few minutes later, the defendant and another man armed with a gun opened the door, came back in the place and started shooting. Both Miss Juanita Jones and Willie David Webb, another Oak-dale resident, testified that they clearly saw the defendant fire the gun.
One of the shots fired struck Anthony Laverne Green, another Oakdale resident, in the back. Just before he was shot, Mr. Green turned around and saw a man whom he later identified as the defendant holding a gun. As a result of this shooting, Mr. Green is paralyzed from the waist down and confined to a wheelchair.
ASSIGNMENTS OF ERROR
Defendant makes the following assignments of error:
1. The trial court erred by allowing the prosecutor to introduce evidence of other crimes.
2. The trial court committed reversible error by finding the defendant guilty even though there was insufficient evidence for any rational trier of fact to find that guilt was proved beyond a reasonable doubt.

Assignment of Error No. 1:

The defendant contends that the trial court committed reversible error by allowing the prosecutor to introduce evidence of other crimes.
The trial record reflects that during his cross-examination of Sarah Rainey, Assistant District Attorney Roberts asked Mrs. Rainey if she knew whether the defendant had ever been previously convicted of anything. At this time, counsel for the defendant did not object to the question on the grounds that the State was trying to introduce evidence of other crimes. Instead, defense counsel objected solely on the grounds that Mrs. Rainey’s answer would be hearsay.
Now on appeal, defense counsel alleges for the first time that the State’s cross-examination of Mrs. Rainey concerning the defendant’s prior convictions was highly prejudicial and should not have been allowed by the trial court.
Article 841 of the Louisiana Code of Criminal Procedure States:
“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
“The requirement of an objection shall not apply to the court’s ruling on any written motion.”
In State v. Hebert, 443 So.2d 613 (La.App. 3d Cir.1983), the court, in applying La.C.Cr.P. art. 841, stated:
“ ... LSA-C.Cr.P. art. 841 precludes consideration of an objection upon appeal when the basis for that objection was not first brought to the trial judge’s attention in order to allow him to cure the alleged defect. State v. Feeback, 414 So.2d 1229 (La.1982).” 443 So.2d at 618.
In the present case, defense counsel did not object during trial on the grounds that the State was introducing evidence of other crimes. As a result, La.C.Cr.P. art. 841 precludes the defendant from raising this objection for the first time on appeal. This rule relates specifically to objectional evidence of other crimes. State v. Rochon, 393 So.2d 1224 (La.1981), State v. Bernard, 358 So.2d 1268 (La.1978), and State v. Barrett, 350 So.2d 664 (La.1977).
*424 This assignment of error is without merit.

Assignment of Error No. 2:

In this assignment of error, the defendant contends that the trial court committed reversible error by finding the defendant guilty as there was insufficient evidence for any rational trier of fact to find that guilt was proven beyond a reasonable doubt.
In the present, case, the defendant was convicted of the crime of illegal use of weapons or dangerous instrumentalities, a violation of La.R.S. 14:94, which states:
“A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
“B. Whoever commits the crime of illegal use of weapons or dangerous in-strumentalities shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.”
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Captville, 448 So.2d 676 (La.1984).
At trial, the State’s first witness, Anthony Laverne Green, testified that on October 16, 1983, he attended a party at a nightclub in Cheneyville. Mr. Green, an Oakdale resident, arrived at the party at about eleven o’clock at night, with his friends, Richard Anderson, Earl Rainey and Larry Thompson, also known as Tom Schlick. Mr. Green testified that while he was standing near the disc jockey and talking to Paul Anderson about a fight that had taken place earlier, he was shot in the back. Mr. Green further testified that just before he was shot he turned around and saw a man with a gun. Mr. Green then identified the defendant as the man with the gun. As a result of the shooting, Mr. Green is paralyzed from the waist down.
Richard Anderson, another Oakdale resident, was also present in the nightclub at the time of the incident. Mr. Anderson testified that when he arrived, there was a lot of commotion and there were some people arguing. Some fighting broke out and Mr. Anderson noticed that two people had guns. Mr. Anderson then identified the defendant as one of the people who had a gun. Mr. Anderson described the defendant’s gun as a “chrome gun.” According to Mr. Anderson’s testimony, at first everybody was arguing and the defendant was just holding the gun in his hand. Things then began to settle down and some of the people had gone outside. A few minutes later, the defendant and another man came back inside and started shooting. Mr. Anderson then testified he saw the defendant fire the gun and that two or three shots were fired. Mr. Anderson also noticed Anthony Green laying on the floor and testified that he was right beside Mr. Green when the shots were fired.
Paul Anderson, Richard Anderson’s brother, was also present at the nightclub at the time of the incident. Paul Anderson testified that he arrived at the nightclub about nine or ten o’clock. According to Paul Anderson’s testimony, a fistfight had broken out around him. Mr. Anderson tried to break up the fight and grabbed a stick from somebody. While he was still holding the stick, a man holding a .22 or .32 caliber chrome pistol came up to him and asked him if he had hit a lady with the stick. Mr. Anderson then identified the defendant as the man with the gun. After this confrontation, the defendant walked out of the nightclub. The defendant then came back in through the door, still holding the gun. Mr. Anderson then heard shots fired and tried to get out of the way. Mr. Anderson then testified that he did not see the defendant after the shots were fired because he was trying to get Anthony *425 Green to the hospital or get him an ambulance.
Jimmy Ray Sweet, also an Oakdale resident, had gone to the nightclub that evening for the purpose of picking up the D.J. equipment being used. Mr. Sweet testified that he arrived at the party sometime between nine and ten o’clock and had witnessed the fight that had taken place. According to the testimony of Mr. Sweet, at one time the door opened and a man pointed a pistol at him and “made a few words.” Mr. Sweet then identified the defendant as the man with the gun. Mr. Sweet described the gun as a small caliber, nickel plated weapon. Mr. Sweet then testified that after the defendant made his remarks, the door closed. The next time the door opened, shots were fired. Mr. Sweet took cover when the shooting began and did not see the defendant after the shots were fired.
Juanita Jones, another Oakdale resident attending the party, also testified that she saw the defendant point a gun at Jimmy Ray Sweet and threaten him. According to Miss Jones, someone then grabbed the defendant and took him outside. The defendant and another man then opened the door, came back in the place, and started shooting. Miss Jones testified that she clearly saw the defendant shooting the gun.
Willie David Webb, another Oakdale resident who attended the party, also testified that the defendant pulled a. gun on Jimmy Ray Sweet. Mr. Webb described the gun as nickel plated and identified the defendant as the man who pulled the gun. According to Mr. Webb, a couple of defendant’s friends then pulled the defendant outside. A few minutes later, the defendant and another man came back in and started shooting. Mr. Webb also testified that he clearly saw the defendant return with a shiny pistol and start shooting.
Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant, while attending a party at the Red Room, a nightclub in Cheneyville, fired a pistol into a crowd of people where it was foreseeable that death or great bodily harm to a human being could have resulted. Consequently, there was sufficient evidence for the trial court to find the defendant guilty of the crime of illegal use of weapons or dangerous instrumentalities.
This assignment of error is without merit.
For the foregoing reasons the conviction of the defendant-appellant is affirmed.
AFFIRMED.