498 So.2d 108 (1986)
STATE of Louisiana
v.
David J. GUIDROZ.
No. 86-KA-114.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
*109 John M. Mamoulides, Dist. Atty., Steve Wimberly, Dorothy A. Pendergast, Asst. Dist. Attys., Louise Korns, of counsel, Twenty-Fourth Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Milton P. Masinter, New Orleans, for defendant-appellant.
Before KLIEBERT and WICKER, JJ., and NACCARI, J. Pro Tem.
KLIEBERT, Judge.
David J. Guidroz, defendant, was charged by bill of information with molestation of a juvenile in that he, being over the age of seventeen, and having a position of supervision and control over a minor, did commit a lewd and lascivious act upon her person, in violation of La.R.S. 14:81.2. Defendant was found guilty as charged by a six-person jury and was sentenced to three years at hard labor. From this conviction and sentence the defendant seeks relief on appeal, advancing the following assignments of error: (1) the lack of a complete record from which to perfect the appeal warrants a new trial; (2) the trial court erred in allowing the State to introduce evidence of other crimes allegedly committed by the defendant; (3) the trial court erred in allowing the jury access to audio and video tapes of the alleged victim's pretrial statement to investigating officers; and (4) the trial court erred in sustaining the State's objection to impeachment testimony offered by the defendant. For the reasons hereinafter stated, we affirm the conviction and sentence.
During the summer of 1985, the twelve-year old victim, her mother, a ten-year old friend, and a friend's mother watched a television program entitled "Good Touches, Bad Touches". During the program the victim became visibly agitated, and after it ended she informed first her friend's mother and then her own mother that the defendant had in the past rubbed her breasts and "between her legs." The defendant was a former husband of the victim's mother, and the victim and her stepbrother on infrequent occasions stayed overnight at the defendant's residence.[1] The incidents allegedly took place three to four times a year over a four year period.
The victim's mother confronted the defendant, who at first did not respond to the accusations and thereafter denied that the incidents had occurred. During the course of the subsequent police investigation, Deputy Maggie Pernia recorded video and audio tapes of a statement, given by the victim, wherein she reiterated the accusations against the defendant. The videotape was introduced into evidence by the State and was viewed by the jury. The tape was recorded pursuant to La.R.S. 15:440.1 et seq., which provide for electronic recording of statements by child abuse victims.
Defendant's first assignment of error relates to the videotape. He states that upon attempting to review the tape in preparation for appeal he discovered it is blank and requests that a new trial be granted based upon the lack of a complete record from which to perfect the appeal. However, the court has reviewed the videotape and found that the victim's pre-trial statement is present thereon. Consequently, this assignment is meritless.
In his second assignment defendant contends highly prejudicial and inadmissible evidence of other crimes allegedly committed by the defendant was introduced by the State. Immediately prior to trial, the State filed a Notice of Intention to Use Evidence of Other Crimes and therein stated the evidence concerned a lewd and lascivious act defendant allegedly committed upon the person of a friend of the victim. The stated purpose of the evidence was to *110 show knowledge, system, intent and motive. See La.R.S. 15:445 and 446. Thus, contrary to defendant's assertions in brief, the State did comply with State v. Prieur, 277 So.2d 126 (La. 1973) as regards notice of its intent to introduce evidence of other crimes.
During trial, the State called as a witness a fourteen-year old friend of the victim. She testified that while an overnight guest at the defendant's residence, the defendant approached her, rubbed her back and attempted to rub her breasts. Defense counsel lodged no objections to the testimony in the trial court. He raises the objection for the first time on appeal.
La.C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982); State v. Cockerham, 442 So.2d 1257, (5th Cir.1983). This rule relates specifically to objectional evidence of other crimes. See State v. Rochon, 393 So.2d 1224, (La.1981); State v. Rainey, 470 So.2d 422 (3rd Cir. 1985).
Defendant had ample opportunity both prior to and during trial to object to the evidence presented by the State. As he failed to do so, the error alleged herein has not been properly preserved for review by this court. La.C.Cr.P. art. 841; State v. Rainey, Supra.
This assignment of error is meritless.
In his next assignment defendant contends the trial court erred in allowing the jury to view the videotape and allowing the State to introduce the audio and video tapes into evidence, over defense counsel's objection. The basis for the objection was that the probative value of the exhibits was outweighed by its prejudicial effect. Defendant asserts other grounds for the objection on appeal. As a general rule, a defendant is limited to the grounds for objections articulated at trial; a new basis for objection, albeit meritorious, cannot be raised for the first time on appeal. La.C. Cr.P. art. 841; State v. Clayton, 427 So.2d 827 (La.1982). Nevertheless, in the interest of judicial expediency, we will address the issues raised by defendant.
Defendant first contends that, as the tapes were not recorded pursuant to a motion by the court, the district attorney, a parish welfare unit or agency, or the Department of Health and Human Resources, they are unauthorized and hence inadmissible. While La.R.S. 15:440.2 provides that a videotape of a statement of a sexually or physically abused juvenile may be made on motion of the listed entities, the statute does not mandate that such a motion be made.
Defendant next contends the State failed to show that Deputy Pernia "proceeded along the specific regulations or received the mandated training and certification" required by La.R.S. 15:440.4 B. However, the training and certification provisions of the section are for use by personnel of the Department of Health and Human Resources. The rule promulgated by the Department states the requirements thereunder apply to "department personnel." The instant videotape was recorded by a police officer, as authorized under La.R.S. 15:440.4 A(5), and defendant lodged no objections to the officer's qualifications when the State presented the foundation for admission of the tape during trial. La. R.S. 15:440.4 B does not require that law enforcement officials be certified if they are to supervise the taking of the victim's statement.
Finally, defendant contends that introduction of the videotape violated his Sixth Amendment right to confront his accusers. La.R.S. 15:440.5 B provides that "The admission into evidence of the videotape ... as authorized herein shall not preclude the prosecution from calling the child as a witness *111 or from taking the child's testimony outside of the courtroom ... Nothing in this Section shall be construed to prohibit the defendant's right of confrontation."
The record reflects that defense counsel viewed the videotape prior to trial. After the tape was viewed by the jury, the victim was called to the stand and testified on direct. On cross-examination defense counsel inquired into all relevant details and further pointed out minor inconsistencies between the videotaped statement and the victim's testimony. Under these circumstances, we find the defendant's constitutional right of confrontation was not violated. See State v. Feazell, 486 So.2d 327 (3rd Cir.1986).
In his final assignment of error, defendant contends the trial court erred in sustaining the State's objection when defense counsel attempted to impeach the testimony of the victim's mother. On cross-examination, the victim's mother indicated she had never discussed the subject of child abuse with the defendant. Defense counsel called the defendant as a witness and sought to elicit testimony to the effect that the victim's mother informed him, prior to their marriage, that she had been an abused child, that her father was incarcerated in Angola State Prison for abusing her, and that she felt the defendant had the capability of abusing the victim. His testimony was proffered by defense counsel out of the presence of the jury.
The State objected to the proffered testimony on grounds of hearsay and relevancy. Defense counsel contended the testimony showed the witness' bias and that she had made prior inconsistent statements. The trial judge held the proffered testimony involved collateral issues not relevant to the guilt or innocence of the accused and sustained the State's objection to the line of questioning. On appeal, defendant contends he was denied the right of impeachment.
Both the State and the defense have the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La.R.S. 15:486; State v. Gabriel, 450 So.2d 611 (La.1984). A party seeking to use prior inconsistent statements for impeachment must strictly comply with the statutory foundation set forth in La.R.S. 15:493, which provides:
"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."
The rationale for requiring strict compliance with the foundation requirements is to obviate surprise and to let the witness either deny or explain the inconsistency; the witness can do neither unless he is informed which statement he is dealing with. See State v. West, 437 So.2d 256 (La.1983); State v. Heard, 408 So.2d 1247 (La.1982). In the instant case, defense counsel, during cross-examination of the victim's mother, did not ask her whether she had made any statement inconsistent with her testimony, nor did he attempt to call her attention to the time, place or circumstances under which the alleged statement was made. As defense counsel did not lay the required foundation, evidence of prior inconsistent statements made by the witness was inadmissible. State v. West, supra; State v. Heard, supra.
This assignment of error is meritless.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The victim's step-brother was born of the marriage between the victim's mother and the defendant.