DUFRESNE, Judge.
The defendant was indicted for the Second Degree murder of his wife in violation of LSA-R.S. 14:30.1. Prior to the commencement of his trial he withdrew his former plea of not guilty and entered a plea of not guilty and not guilty by reason of insanity. The jury returned a verdict of guilty and the defendant was sentenced to life imprisonment at hard labor.

FACTS

On February 25, 1991, a partially decomposed female body was found wrapped in a blanket in a wooded area near an apartment complex in Marrero, Louisiana. An autopsy performed the following day revealed that the victim had been strangled to death. Later that evening, Officer Bentel was dispatched to the Harbour Apartments located at 1500 Lorene Drive in Harvey, Louisiana, to meet with the defendant regarding a missing persons report and the defendant informed him that on the 19th of February his wife, Marisol Pineyro left their, apartment following an argument.
While investigating the missing persons report, Officer Theriot interviewed the defendant on February 28, 1991. After obtaining a statement from the defendant, Officer Theriot asked if he would assist in locating friends of his wife and the defendant agreed to accompany him. The defendant followed him to the Detective Bureau and then they proceeded in the officer’s vehicle to several addresses in search of the defendant’s wife. When they later arrived at the residence of the defendant’s in-laws, the defendant remained in the vehicle because of “some hostility” between them. Officer Theriot approached the residence and spoke with the defendant’s in-laws who informed him that *1205 they were unaware that their daughter was missing.
While returning to the Detective Bureau, Officer Theriot drove to the morgue and explained to the defendant that a decomposed body of a female bearing a “bikini cut” surgical sear on her abdomen had been located which possibly could be his wife. After the defendant agreed to view the body, Officer Theriot advised him of his rights. When the defendant observed the body, he began to cry and identified it as his wife. Officer Theriot then drove the defendant to the Detective Bureau, placed the defendant in an interview room and informed Officer Snow that the defendant had identified the body.
Subsequently, Officer Theriot introduced Officer Snow to the defendant, and after advising him of his rights, she obtained a recorded statement from the defendant wherein he admitted striking Marisol twice causing her to fall and hit her head on the wall and floor and later disposing of the body.
The defendant has appealed and urges that the trial court erred in permitting the State to present to the jury inadmissible evidence of “other crimes” under the guise of rebuttal.

DISCUSSION

At trial the state called Connie Gonzalez, Marisol Pineyro’s sister-in-law, as a rebuttal witness. She testified that while talking on the telephone with Marisol shortly before this incident, she overheard the defendant tell Marisol that “If she didn’t hang up the phone, he was going to kill her and the family.” She further testified that she saw Marisol at her parent’s home with facial bruises and assumed that the defendant had struck her.
The record shows that defense counsel did not make contemporaneous objection to Connie Gonzalez’s testimony and now raises the issue of improper rebuttal for the first time on appeal.
LSA-C.Cr.P. art. 841(A) provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982); State v. Guidroz, 498 So.2d 108 (La.App. 5th Cir.1986).
Because defense counsel failed to make a contemporaneous objection as required by LSA-C.Cr.P. art. 841(A), the error alleged herein has not been properly preserved for review by this court. State v. Guidroz, supra.
This assignment of error lacks merit.
We have also reviewed the record for error patent and find the following errors.
In imposing the term of life imprisonment, the trial court did not specify that the sentence be served “without benefit of parole, probation, or suspension of sentence” as mandated by LSA-R.S. 14:30.1. When these restrictions are placed on a sentence by law, as in the instant case, and the trial court fails to impose them, the sentence is “illegally lenient.” State v. Rogers, 519 So.2d 246 (La. App. 5th Cir.1988).
The sentencing transcript and minutes, unlike the commitment, fail to show that the trial court gave the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence; however, such- an allowance is mandatory. LSA-C.Cr.P. art. 880; State v. Sherman, 532 So.2d 908 (La.App. 5th Cir.1988).
Prior to sentencing on April 26, 1993, defense counsel stated “we would like to make an oral motion at this time for a new trial which will be submitted_ This has been discussed with the District Attorney and once that motion becomes ripe, a motion for appeal will be filed as well. But, we stand ready for sentencing at this time.”
The trial court then sentenced the defendant and noted that he would entertain his motion which he assumed would be supplemented by written motion. The defendant filed a written motion on April 29, 1993, and *1206 there is no indication in the record that the motion was ruled upon.
LSA-C.Cr.P. art. 853 provides that “[a] motion for a new trial must be filed and disposed, of before sentence.” (Emphasis added) Thus art. 853 requires that the trial court rule on the merits of an application for a new trial before imposing sentence on the defendant. State v. Randolph, 409 So.2d 554 (La.1982) on rehearing; State v. Smith, 553 So.2d 934 (La.App. 4th Cir.1989), appeal after remand, 600 So.2d 919 (La.App. 4th Cir. 1992).
Because the trial court accepted, but failed to rule on the motion for new trial prior to imposing the sentence, the sentence is vacated and the matter is remanded to the district court for a ruling on the defendant’s motion for new trial and for resentencing, if the motion is denied.

DECREE

For the foregoing reasons, the conviction is affirmed. The sentence is vacated and the matter remanded.

CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED.