LOLLEY, J.
11This criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. The defendant, Jimmy L. Wilhite, was charged with two counts of molestation of a juvenile, in violation of La. R.S. 14:81.2(A). After a bench trial, Wilhite was convicted on both counts and sentenced to 15 years at hard labor on each count in accordance with La. R.S. 14:81.2(0, the sentences to run consecutively. For the following reasons, we affirm Wilhite’s convictions and sentences.
FACTS
Wilhite, his girlfriend, Christa Wright, and Wright’s two daughters, J.G., born on June 4, 1996, and J.G., born October 13, 1994, along with two other children lived together in an apartment in Monroe, Louisiana.[1] On December 17, 2002, Wright came home from work and was told by her older daughter that Wilhite had been “messing with her.” Wright then took all the children from the home to her aunt’s home; subsequently she took the two girls to St. Francis Medical Center where they were examined. Three weeks later, Dr. Meade O’Boyle, a doctor who has worked closely with law enforcement and sexual abuse victims for over 25 years, examined both girls. At the time of the offenses, the older daughter was eight years old, and the younger daughter was six years old.
Once law enforcement officials were notified, Detective James Booth of the Monroe Police Department interviewed the girls and, with Wright’s permission, made videotapes of these interviews. At trial, Det. Booth | gtestified along with both daughters, Wright, Wright’s niece and Dr. O’Boyle. The videotapes of Booth’s interviews with the girls were introduced into evidence along with photographs and medical reports, and Wilhite’s recorded statement. Wilhite waived his right to a jury trial, was convicted on both counts, and sentenced to 15 years at hard labor on each count, the sentences to run consecutively. This appeal ensued.
LAW AND DISCUSSION

Sufficiency of the Evidence

Wilhite first argues that there was insufficient evidence to support a verdict for either count of molestation of a juvenile. Louisiana R.S. 14:81.2(A) states:
Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, *567 menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 1995-1377 (La.02/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.08/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.09/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517; State v. Robertson, 1996-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir.09/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.03/28/03), 840 So.2d 566, 2002-2997 (La.06/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
Here, both girls identified Wilhite as their molester. The older daughter testified that Wilhite had touched her between her legs, and that he “put his thing in my poo-poo spot.” She also testified about an incident where Wilhite turned off the bathroom lights, took her out of the bathtub and made her sit down on his lap as he sat on top of the toilet. The older daughter explained that she saw Wilhite take her little sister to the bed once, and later saw her little sister on top of him. The younger sister denied anything happened to her when she initially spoke with Det. Booth, but later did tell Dr. O’Boyle that she was molested by Wilhite and indicated at trial I ¿that she had told “the policeman” what happened. She testified that “[Wilhite] would take me and place me on top of him,” and explained that “he’ll use his hand to push me up and down.” Both children testified that they considered Wil-hite as the person in charge when their mother was gone.
At trial, Det. Booth read from his report which was consistent with the older daughter’s testimony. When questioning Wil-hite, Det. Booth testified that he was surprised that Wilhite did not become angry with him because Det. Booth was accusing him of molesting a six-year-old and an eight-year-old. Detective Booth further testified that Wilhite had an explanation for almost everything including that the mother “put the children up to do this,” because he told the mother that he did not want to keep her children. During the questioning, Wilhite also mentioned several times that the children “messed with him.”
Dr. O’Boyle found the victims’ statements to be credible and reliable based on the use of “child language” to describe the incidents. Dr. O’Boyle’s testimony explained that the absence of physical findings of abuse is consistent with the statements given by the girls. Her impression from talking to both girls was that they *568 had been molested. Finally, Wright testified that after being confronted about allegedly “messing” with the older daughter, Wilhite was nervous and starting to quiver when he spoke..
Looking at the evidence in the light most favorable to the prosecution, the record' supports every element of the crime: (1)Wilhite was over the age of 17; (2) Wilhite committed a lewd or lascivious act upon the Lperson or in the presence of both children under the age of 17; (3) Wilhite was more than 2 years older than the victim; (4) Wilhite had specific intent to arouse or satisfy the sexual desires of either party; and (5) the act was committed by the use of influence by virtue of a position of control or supervision over the juvenile. Therefore, Wilhite’s argument is without merit.

Admissibility of the Videotapes

In his next assignment of error, Wilhite alleges that the trial court erred in allowing the videotapes of Det. Booth’s interviews with the girls into evidence, because it failed to meet the requirements set forth in La R.S. 15:440.1 et seq. Wil-hite specifically asserts that the tape must first be determined to be competent evidence, namely that Det. Booth should have been “supervised” in accordance with La. R.S. 15:440.4(A)(5). The state asserts, however, that Wilhite failed to object to this issue at trial and therefore he is precluded from raising the issue on appeal. In the alternative, the state argues that the statute at issue does not require the videotaping process to be “supervised.”
After reviewing the record, it does not appear that'Wilhite lodged a proper objection to the specific issue on appeal. Generally, a defendant is limited to the grounds for objections articulated at trial; a new basis for objection cannot be raised for the first time on appeal. La. C. Cr. P. art. 841; State v. Clayton, 427 So.2d 827 (La.1982). However, in the interest of judicial economy we will address the issue raised by Wilhite.
|fAt the outset, we explain the purpose of the legislation is to facilitate prosecution of offenders who have committed crimes of violence against children “with a minimum of additional intrusion into -the lives of such children.” The statute authorizes videotaping the statements of such victims and introducing the statements at trial “as an exception to the hearsay rule.” State v. Kennedy, 2005-1981, p. 12 (La.05/22/07), 957 So.2d 757; La. R.S. 15:440.3. In the instant case, even if a proper objection was made, the trial court did not err in allowing the videotapes into evidence. Louisi--ana R.S. 15:440.4 currently states, in pertinent part:
A. A videotape of a protected person may be offered in evidence either for or against a defendant. To render such a videotape competent evidence, it must be satisfactorily proved:
(1) That such electronic recording was voluntarily made by the protected person.
(2) That no relative of the protected person was present in the room where the recording was made.
(3) That such recording was not made of answers to interrogatories calculated to lead the protected person to make any particular statement.
(4) That the recording is accurate, has not been altered, and reflects what the protected person said.
(5) That the taking of the protected person’s statement was supervised by a physician, a social worker, a law enforcement officer, a licensed psychologist, a licensed professional counselor, or an authorized representative of the Department of Social Services.
(Emphasis added.)
Wilhite misinterprets the provisions of La. R.S. 15:440.4(A)(5) in attempting to *569 read the statute as requiring Det. Booth to be supervised. If the legislature intended to distinguish the supervisors from those conducting |7the interview, the statute would express this intent. There is no indication in the plain reading of the statute that two different individuals are required to participate for the videotapes to be rendered competent evidence. The legislature listed specific individuals who are presumably better suited to ask the sensitive questions that are involved when interviewing the protected person(s). Clearly, Det. Booth was qualified to conduct/supervise the interview as his occupation is listed — a law, enforcement officer and he has received training on interviewing children and investigating sexual and physical abuse of children. The videotapes satisfactorily proved all elements set forth in La R.S. 15:440.4. See e.g., State v. Guidroz, 498 So.2d 108 (La.App. 5th Cir.1986). In addition, we note that all requirements set forth in La. R.S. 15:440.5, which determines the admissibility of a videotape of an oral statement of the protected person, were satisfied. Accordingly, Wilhite’s argument is without merit.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Jimmy L. Wilhite is affirmed.
AFFIRMED.

. In accordance with La. R.S. 46:1844(W)(l)(a), initials are used in order to protect the identity of the victims. Here, we also note since both daughters have the same initials, we will refer to them as the older/younger daughter.